The Hon. John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. QIXIAN WU,
2. YONG FENG WU, and
3. YONG CONG WU,

Defendants,

and

XIU LAN CAO,
YING LUO, and
QIONG JU LI,

Third-Party Claimants.

NO. CR22-048-JCC

**SETTLEMENT AGREEMENT AND [~~PROPOSED~~] ORDER APPROVING SETTLEMENT AND FINAL ORDER OF FORFEITURE AS TO $148,516 IN U.S. CURRENCY SEIZED FROM DEFENDANTS' RESIDENCE**

NOTE ON MOTION CALENDAR:

May 22, 2026

## I.     INTRODUCTION

On January 24, 2024, this Court entered Preliminary Orders of Forfeiture forfeiting, pursuant to 21 U.S.C. § 853, the interests of Defendants Qixian Wu, Yong Feng Wu, and Yong Cong Wu (collectively, the "Defendants") in, among other things, the real property located 6901 West Marginal Way SW, Seattle, Washington, titled to Yong Feng Wu (the "Real Property"); $152,631 in U.S. currency (the "Subject

Settlement Agreement and Order Approving Settlement and
Final Order of Forfeiture of $148,516  - 1
*United States v. Qixian Wu, et al.,* CR22-048-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Currency") which was seized on October 21, 2020, from Defendants' residence in Seattle, Washington (the "Defendants' Residence"); and 29 pieces of jewelry, valued at $14,450 (the "Subject Jewelry"), seized on October 21, 2020, from the Defendants' Residence. *See* Dkt. Nos. 69, 70, 71.

On November 4, 2024, three of Defendants' family members (collectively, the "Third-Party Claimants"), who also resided at the Defendants' Residence, each filed a petition asserting an interest in some of the preliminarily forfeited property (collectively, the "Petitions"). Specifically, Xiu Lan Cao (Qixian Wu's wife) asserted an interest in the Real Property, the Subject Jewelry, and $10,000 of the Subject Currency (*see* Dkt. No. 112); Ying Luo (Yong Feng Wu's wife) asserted an interest in the Real Property and $120,000 of the Subject Currency (*see* Dkt. No. 113); and Qiong Ju Li (Qixian Wu's mother) asserted an interest in $12,500 of the Subject Currency (*see* Dkt. No. 114).

Having conducted discovery, the United States and the Third-Party Claimants have agreed to the following resolution of the Petitions:  (i) the United States has agreed to release the Subject Jewelry to Xiu Lan Cao; (ii) the United States has agreed to release $4,115 in funds to Qiong Ju Li; and (iii) the Third-Party Claimants have agreed to withdraw all other claims to the Subject Currency and the Real Property that they asserted in their Petitions.

 No other third party has filed a claim to the Subject Currency, and the time for doing so has expired. Accordingly, the United States now moves pursuant to Federal Rule of Criminal Procedure 32.2(c)(2) for a Final Order of Forfeiture, forfeiting, to the United States, $148,516 in U.S. currency (*i.e.*, the Subject Currency, reduced by the $4,115 to be released to Qiong Ju Li.)

## II.     RELEVANT PROCEDURAL FACTS

In November 2023, Defendants pleaded guilty to a Superseding Information charging them with *Conspiracy to Manufacture and Distribute Marihuana*, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (Count 1) and *Conspiracy to Commit*

Settlement Agreement and Order Approving Settlement and
Final Order of Forfeiture of $148,516  - 2
*United States v. Qixian Wu, et al.,* CR22-048-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Money Laundering*, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h) (Count 2). *See* Dkt. Nos. 47, 51, 56, 62. In their Plea Agreements, Defendants agreed to forfeit their interests in any property that facilitated and/or constituted proceeds of their commission of *Conspiracy to Manufacture and Distribute Marihuana* (Count 1), pursuant to 21 U.S.C. § 853, including the Real Property, the Subject Currency, and the Subject Jewelry. *See* Dkt. No. 51 ¶ 13; Dkt. No. 56 ¶ 13; Dkt. No. 62 ¶ 13.

On January 24, 2024, this Court entered Preliminary Orders of Forfeiture forfeiting, pursuant to 21 U.S.C. § 853, Defendants' interests in, among other things, Real Property, the Subject Currency, and the Subject Currency. *See* Dkt. Nos. 69, 70, 71.

Qixian Wu and Yong Cong Wu were sentenced on February 13, 2024, and Yong Feng Wu was sentenced on July 2, 2024; their respective Preliminary Orders of Forfeiture were incorporated into the Judgments. *See* Dkt. Nos. 84, 86, 106.

As required by 21 U.S.C. § 853(n)(l) and Fed. R. Crim. P. 32.2(b)(6)(C), the United States published notice of the Preliminary Orders of Forfeiture and its intent to dispose of the property preliminarily forfeited from Defendants, including the Real Property, the Subject Currency, and the Jewelry, in accordance with governing law. Dkt. No. 87. That notice informed any third parties claiming an interest in the property that they were required to file a petition with the Court within 60 days of the notice's first publication on February 9, 2024. *Id*

The United States also sent notice and copies of the Preliminary Orders of Forfeiture to individuals and entities who appeared to be potential claimants to preliminarily forfeited property, as required by Fed. R. Crim. P. 32.2(b)(6)(A). *See* Dkt. Nos. 121, 122. The direct notices informed third parties claiming an interest in the preliminarily forfeited property that they were required to file a petition with the Court within 30 days of receiving the notice. *Id.*

On November 4, 2024, the Third-Party Claimants filed their Petitions asserting interests in the above-referenced preliminarily forfeited property, as set forth above. *See*

Settlement Agreement and Order Approving Settlement and
Final Order of Forfeiture of $148,516  - 3
*United States v. Qixian Wu, et al.,* CR22-048-JCC

Dkt. Nos. 112 (Xiu Lan Cao's Petition), 113 (Ying Luo's Petition), 114 (Qiong Ju Li's Petition).

The time for filing third-party claims has expired, and no other third parties have filed Petitions regarding the Subject Currency and the Subject Jewelry.[1]

The United States and Third-Party Claimants have engaged in discovery regarding their Petitions, and have reached the following settlement agreement:

### III.   SETTLEMENT AGREEMENT

This Settlement Agreement and Consent to Final Order of Forfeiture (the "Agreement") is entered into between and among the United States and third-party claimants Xiu Lan Cao, Ying Luo, and Qiong Ju Li (collectively, the "Third-Party Claimants") pursuant to the following terms:

1.     The United States agrees that it will release the Subject Jewelry to Xiu Lan Cao.

2.     The United States agrees that it will release $4,115 to Qiong Ju Li.

3.     Xiu Lan Cao agrees to withdraw her claim to the Real Property and the Subject Currency.

4.     Ying Luo agrees to withdraw her claim to the Real Property and the Subject Currency.

5.     Qiong Ju Li agrees to withdraw her claim as to $8,385 of the Subject Currency.

6.     The United States and the Third-Party Claimants agree that the release of the Subject Jewelry to Xiu Lan Cao and of $4,115 to Qiong Ju Li shall be in full settlement and satisfaction of any and all claims by the Third-Party Claimants in this matter. Third-Party Claimants waive any right to further litigate any interests in the Real Property and the Subject Currency. Third-Party Claimants understand and agree that by

---

[1] Yan Hong Zeng filed a petition asserting an interest in the Real Property (*see* Dkt. No. 92); Zeng's petition is the subject of ongoing litigation (*see* Dkt. No. 133)

Settlement Agreement and Order Approving Settlement and
Final Order of Forfeiture of $148,516  - 4
*United States v. Qixian Wu, et al.,* CR22-048-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

entering into this Agreement they waive any right to further litigate any interest in the Real Property and Subject Currency and/or to petition for remission or mitigation of the forfeiture.

7.     Third-Party Claimants agree not to oppose final forfeiture to the United States of the remaining $148,516 in U.S. currency that was seized at the Defendants' Residence and has been preliminarily forfeited by this Court. To complete final forfeiture of this $148,516, the United States and Third-Party Claimants agree to entry of the proposed Final Order of Forfeiture, set forth below.

8.     The United States and Third-Party Claimants agree to bear their own costs, fees and expenses incurred in these ancillary forfeiture proceedings.

9.     Third-Party Claimants agree to release and hold harmless the United States, its agents, servants, and employees (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims that Third-Party Claimants, or their representatives or agents, may possess, or that may arise, as a result of the United States' action against the Subject Currency, the Subject Jewelry, and the Real Property.

10.     Third-Party Claimants acknowledge that the Debt Collection Improvement Act of 1996, as codified at 31 U.S.C. § 3716 and administered through the Treasury Offset Program ("TOP"), requires the United States Treasury to offset federal payments to collect certain delinquent debts owed by a payee to the United States, a United States agency, or a state. Third-Party Claimants acknowledge that the amount to be released to Qiong Ju Li may be reduced by the amount of any such delinquent debt owed by Qiong Ju Li that the United States Treasury is required to collect through TOP.

///

///

///

Settlement Agreement and Order Approving Settlement and
Final Order of Forfeiture of $148,516  - 5
*United States v. Qixian Wu, et al.,* CR22-048-JCC

11.     The United States and Third-Party Claimants stipulate that this Agreement is subject to review and approval by the Court, as provided in the proposed Order, below. If the Court enters the proposed Order, Third-Party Claimants shall be relieved from further participation in this criminal ancillary proceeding, other than to implement the terms of this Agreement or unless specifically directed by an order of the Court. If the Court enters the proposed Order, below, a violation of any term or condition of this Agreement shall be construed as a violation of that Order.

DATED this ___ day of May, 2026.

KARYN S. JOHNSON
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101
Phone: 206-553-2462
Fax: 206-553-6934
Karyn.S.Johnson@usdoj.gov

STEVE KARIMI
Attorney for Third-Party Claimants Xiu Lan
Cao, Ying Luo, and Qiong Ju Li
Law Office of Steve Karimi
119 First Avenue South, Suite 500
Seattle, Washington 98104
Phone: 206-660-6200
karimilawseattle@gmail.com

Settlement Agreement and Order Approving Settlement and
Final Order of Forfeiture of $148,516  - 6
*United States v. Qixian Wu, et al.,* CR22-048-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## [~~PROPOSED~~] ORDER APPROVING SETTLEMENT AGREEMENT AND FINAL ORDER OF FORFEITURE

The Court, having reviewed the above Agreement between the United States and Third-Party Claimants Xiu Lan Cao, Ying Luo, and Qiong Ju Li, as well as the other papers and pleadings filed in this matter, hereby APPROVES the Agreement and ENTERS a Final Order of Forfeiture, as follows:

1. The $148,516 in U.S. currency that was seized from the residence of Defendants Qixian Wu, Yong Feng Wu, and Yong Cong Wu, in Seattle, Washington, and which was preliminarily forfeited by this Court, is fully and finally condemned and forfeited, in its entirety, to the United States;

2. Upon entry of this Order, no right, title, or interest in this remaining $148,516 shall exist in any party other than the United States; and,

3. The United States, and/or its representatives, including but not limited to the United States Marshals Service and the United States Postal Inspection Service, are authorized to dispose of this remaining $148,516 as permitted by governing law.

IT IS SO ORDERED.

DATED this 22nd day of May 2026.


_____
THE HON. JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE

///

///

Settlement Agreement and Order Approving Settlement and
Final Order of Forfeiture of $148,516  - 7
*United States v. Qixian Wu, et al.,* CR22-048-JCC

Presented by:


  *s/ Karyn S. Johnson*
KARYN S. JOHNSON
Assistant United States Attorney



  *s/ Steve Karimi*
STEVE KARIMI
Attorney for Third-Party Claimants
Xiu Lan Cao, Ying Luo, and Qiong Ju L

Settlement Agreement and Order Approving Settlement and
Final Order of Forfeiture of $148,516  - 8
*United States v. Qixian Wu, et al.,* CR22-048-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026, I electronically filed the foregoing Settlement Agreement with the Clerk of the Court using the CM/ECF system, which automatically serves the parties of record.

         *s/ Donna R. Taylor*
         DONNA R. TAYLOR
         FSA Paralegal IV, Contractor
         United States Attorney's Office
         700 Stewart Street, Suite 5220
         Seattle, Washington 98101
         Phone: (206) 553-4132
         Fax: (206) 553-6934
         Donna.R.Taylor@usdoj.gov

Settlement Agreement and Order Approving Settlement and
Final Order of Forfeiture of $148,516  - 9
*United States v. Qixian Wu, et al.,* CR22-048-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970